IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-1757-WYD

APEX ROOTER & PLUMBING SERVICES, INC.,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

_____

### [~~PROPOSED~~] ORDER RE: OWNERS INSURANCE COMPANY'S UNOPPOSED MOTION FOR PROTECTIVE ORDER
_____

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of Owners Insurance Company's confidential, proprietary information, IT IS ORDERED:

1.    This Protective Order shall apply to all items designated "CONFIDENTIAL" including documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the proprietary, confidential, competitively sensitive and/or trade secret information of Owners Insurance Company and/or its related entities.

4.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a)     attorneys actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)     the parties, including Owners Insurance Company's designated representatives;

(d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e)     the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses; and

  (h)  other persons by written agreement of the parties.

  5.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

  6.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

  7.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but Owners Insurance Company may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

  8.  A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the

parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Any CONFIDENTIAL documents filed with the Court shall be filed under seal. and in accordance with Local Rule 7.2.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL by Owners Insurance Company shall be returned to Owners Insurance Company, or the parties may elect to destroy CONFIDENTIAL documents, including any and all electronic versions of the documents.

11. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. This Protective Order may be modified by the Court at any time for good

cause shown following notice to all parties and an opportunity for them to be heard.

Date:   December 21, 2015         .

_____

Craig B. Shaffer

United States Magistrate Judge